**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL L. WAGNER,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**STACEY CRYER, in her Official Capacity as Director, County of Mendocino County; HEALTH AND HUMAN SERVICES, unknown Named Director of County of San Francisco,**<br><br>     **Defendants.** | **Case No.: 13-CV-5167 YGR**<br><br>**ORDER:**<br><br>1) **GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDERING SERVICE*;***<br>2) **DENYING AS MOOT MOTION FOR COURT TO DELIVER PLAINTIFF'S PLEADINGS TO DEFENDANT;**<br>3) **DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**<br>4) **DENYING AS UNNECESSARY MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; AND**<br>5) **CONTINUING CASE MANAGEMENT CONFERENCE** |

Pro se plaintiff Michael L. Wagner brings suit under 42 U.S.C. section 1983 for "harassment for improper motive" relating to the provision of his food stamp benefits by the Mendocino and San Francisco county governments. (Dkt. No. 1 ("Complaint").)  Presently before the Court are four motions filed by Plaintiff: (1) a motion for leave to proceed *in forma pauperis* (Dkt. No. 2); (2) a motion for the Court to deliver Plaintiff's pleadings to the Defendants (Dkt. No. 3); (3) a motion to appoint counsel (Dkt. No. 4); and (4) a motion for leave to file an amended complaint (Dkt. No. 15).  An initial case management conference has been set for March 3, 2014, but no defendant has yet appeared in the action.

**I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require

an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Having reviewed Mr. Wagner's application, the Court is satisfied that he has demonstrated that he meets the economic eligibility requirement and, accordingly, **GRANTS** his application to proceed in forma pauperis.

It is further **ORDERED** that the Clerk issue summons, and it is further **ORDERED** that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this Order upon the Defendants.

## II.    MOTION FOR COURT TO DELIVER PLAINTIFF'S PLEADINGS

The motion requesting service of court documents on Defendants (Dkt. No. 3) is **DENIED AS MOOT** since Plaintiff has been granted *in forma pauperis* status.  Accordingly, service of process will be executed on Plaintiff's behalf on all locatable Defendants by the United States Marshall.

## III.    MOTION FOR APPOINTMENT OF COUNSEL

In contrast to criminal proceedings, there generally is no constitutional right to counsel in civil actions.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally … no constitutional right to counsel in a civil case.").  In proceedings *in forma pauperis*, the Court has the statutory power only to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  This decision of whether to request counsel is within the discretion of the district court and is "granted only in exceptional circumstances."  *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).  Deciding whether "exceptional circumstances" exist requires an evaluation of the likelihood of plaintiff's success on the merits as well as the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

At this stage of the proceedings, the Court is unable to determine whether the exceptional circumstances required for requesting counsel are present here.  Accordingly, Plaintiff's Motion for

Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. The Court may reconsider on its own motion and request appointment of counsel later in the proceedings.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. Please visit the Court's website or call the phone numbers listed below for current office hours, forms and policies.

To make an appointment with the Legal Help Center in Oakland, Plaintiff may visit the Oakland Courthouse, located 1301 Clay Street, Room 470S, Oakland, or call 415/782-8982.

To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-8982.

To make an appointment with the Federal Legal Assistance Self-Help Center in San Jose, Plaintiff may visit the San Jose Federal Courthouse, located at 280 South 1st Street, 4th Floor, Rooms 4093 & 4095, San Jose, California, 95113, or call 408/297-1480.

**IV.   MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The Motion for Leave to File an Amended Complaint (Dkt. No. 15) is **DENIED** as unnecessary. Plaintiff may still amend the complaint once as of right without leave of court according to Federal Rule of Civil Procedure 15(a).

**V.   CASE MANAGEMENT CONFERENCE IS CONTINUED**

The Court **CONTINUES** the Initial Case Management Conference set for March 3, 2014 to its 2:00 p.m. Calendar on **Monday, June 2, 2014,** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.

This Order terminates Docket Nos. 2, 3, 4, and 15.

**IT IS SO ORDERED**.

Date: March 3, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**